# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| ANTHONY B.,[1] | : | Case No. 3:24-cv-00051 |
| Plaintiff, | : | |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | (by full consent of the parties) |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

## DECISION AND ORDER

Plaintiff filed an application for Disability Insurance Benefits in November 2021. Plaintiff's claim was denied initially and upon reconsideration. After a hearing at Plaintiff's request, the Administrative Law Judge (ALJ) concluded that Plaintiff was not eligible for benefits because he was not under a "disability" as defined in the Social Security Act. The Appeals Council denied Plaintiff's request for review. Plaintiff subsequently filed this action.

Plaintiff seeks an order remanding this matter to the Commissioner for the award of benefits or, in the alternative, for further proceedings. The Commissioner asks the Court to affirm the non-disability decision. For the reasons set forth below, this Court AFFIRMS the Commissioner's decision.

---

[1] *See* S.D. Ohio General Order 22-01 ("The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that due to significant privacy concerns in social security cases federal courts should refer to claimants only by their first names and last initials.").

**I.     BACKGROUND**

Plaintiff asserts that he has been under a disability since September 26, 2021. At that time, he was thirty-four years old. Accordingly, Plaintiff was considered a "younger person" under the applicable regulation. 20 C.F.R. § 404.1563(c). Plaintiff has a "high school education and above." 20 C.F.R. § 404.1564(b)(4).

The evidence in the Administrative Record ("AR," Doc. No. 7) is summarized in the ALJ's decision ("Decision," Doc. No. 7-2 at PageID 45-67), Plaintiff's Statement of Errors ("SE," Doc. No. 9), the Commissioner's Memorandum in Opposition ("Mem. In Opp.," Doc. No. 11), and Plaintiff's Reply Memorandum ("Reply," Doc. No. 12). Rather than repeat these summaries, the Court will discuss the pertinent evidence in its analysis below.

**II.    STANDARD OF REVIEW**

The Social Security Administration provides Disability Insurance Benefits to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 402, 423(a)(1), 1382(a). The term "disability" means "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a).

This Court's review of an ALJ's unfavorable decision is limited to two inquiries: "[W]hether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d

399, 406 (6th Cir. 2009); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). "Unless the ALJ has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence," this Court must affirm the ALJ's decision. *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020). Thus, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Id*.

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). This limited standard of review does not permit the Court to weigh the evidence and decide whether the preponderance of the evidence supports a different conclusion. Instead, the Court is confined to determining whether the ALJ's decision is supported by substantial evidence, which "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (citation omitted). This standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986). Thus, the Court may be required to affirm the ALJ's decision even if substantial evidence in the record supports the opposite conclusion. *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

The other line of judicial inquiry—reviewing the correctness of the ALJ's legal criteria—may result in reversal even when the record contains substantial evidence

supporting the ALJ's factual findings. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[E]ven if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Id.* (citations omitted). Such an error of law will require reversal even if "the outcome on remand is unlikely to be different." *Cardew v. Comm'r of Soc. Sec.*, 896 F.3d 742, 746 (6th Cir. 2018) (internal quotations and citations omitted).

### III. FACTS

#### A. The ALJ's Factual Findings

The ALJ was tasked with evaluating the evidence related to Plaintiff's application for benefits. In doing so, the ALJ considered each of the five sequential steps set forth in the applicable regulation. 20 C.F.R. § 404.1520. The ALJ made the following findings of fact:

| | | |
|---|---|---|
| Step 1: | | Plaintiff has not engaged in substantial gainful activity since September 26, 2021, the alleged onset date. |
| Step 2: | | He has the severe impairments of cerebral palsy, epilepsy, obesity, anxiety disorder, depression, and attention-deficit/hyperactivity disorder (ADHD). |
| Step 3: | | He does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. |
| Step 4: | | His residual functional capacity (RFC), or the most he can do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of light work as defined in 20 CFR § 404.1567(b), subject to the following limitations: "Standing and walking for no more [than four] hours during an [eight]-hour workday. [Plaintiff] requires the use of a cane for ambulation. No |

>more than frequent reaching, pushing, pulling, handling, or fingering with the non-dominant right upper extremity. No more than occasional balancing, stooping, kneeling, crouching, crawling, or climbing of ramps and stairs. No climbing of ladders, ropes, or scaffolds. No work at unprotected heights, around moving mechanical parts. Or operating a motor vehicle. [Plaintiff] is able to perform simple, routine, and repetitive tasks. [Plaintiff] is able to tolerate few changes in a routine work setting."
>
>He is unable to perform any of his past relevant work.

>Step 5: Considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform.

(Decision, Doc. No. 7-2 at PageID 50-62.) These findings led the ALJ to conclude that Plaintiff does not meet the definition of disability and so is not entitled to benefits. (*Id.* at PageID 62.)

### B. The ALJ's Evaluation Of Plaintiff's Mental Impairments

The ALJ found that Plaintiff's anxiety disorder, depression, and ADHD are severe. (Decision, Doc. No. 7-2 at PageID 51.) At Step Three, the ALJ explained that he considered the "paragraph B" criteria and concluded that Plaintiff's mental impairments cause a moderate limitation in the following areas: understand, remember, or apply information; concentrate, persist, or maintain pace; and adapt or manage oneself. (*Id.* at PageID 52-53.) The ALJ found mild impairment in Plaintiff's ability to interact with others.[2] (*Id.*)

---

[2] The ALJ stated at the beginning of his analysis that Plaintiff experiences a "moderate" limitation in his ability to interact with others. (Decision, Doc. No. 7-2 at PageID 52.) This is likely a typographical error, as the ALJ cited to relatively normal findings and concluded: "I therefore find that the claimant has only a slight limitation in his ability to function in this area." (*Id.* at PageID 53.) Nevertheless, Plaintiff does not challenge the ALJ's assessment of his social functioning. (SE, Doc. No. 9; Reply, Doc. No. 12.)

5

The ALJ found moderate impairment in Plaintiff's ability to concentrate, persist, or maintain pace.[3] He supported this conclusion by citing to the consultive psychologist's examination findings and opinion, as well as other examination findings in the record:

> Dr. Kurzhals noted [Plaintiff's] report of being able to maintain concentration when he is interested in the subject matter, and observed him as 'demonstrate[ing] below average concentration and attention' due to a need for repetition (Exhibit 8F at 5). [Plaintiff] also 'struggled on tasks that involved concentration,' 'suggest[ing] there is limitation in this area' (Id.). In the academic and broader medical record, [Plaintiff's] attention and concentration have been variously assessed and reported as normal, average, or without difficulty (see, for example, Exhibits 1F at 45, 6F at 7, 111, 10F at 22, 13F at 18, 16F at 12), and as difficult (see, for example, Exhibits 1F at 43, 12F at 8, 29). In the function report, [Plaintiff] stated that his ability to pay attention varies with the task, that he has general difficulty with both concentration and completing tasks, and does not always finish what he starts (Exhibit 4E). In deference to Dr. Kurzhals' conclusions, I find that [Plaintiff] has only a fair ability to function in this area.

(*Id.*)

In the RFC analysis, the ALJ explained that he limited Plaintiff to simple, routine, and repetitive tasks to account for the limitations in this domain. (Decision, Doc. No. 7-2 at PageID 57.) The ALJ reasoned: "[A]ny more complex tasks could reasonably tax his intellectual abilities, and his limited ability to remain focused on the task at hand could reasonably prevent him from successfully engaging in more complex tasks, which require a sustained ability to maintain focus." (*Id.*) The ALJ further explained that he included a limitation on workplace changes to account for Plaintiff's adaptive deficits, "as these conditions could exceed his ability to deal with workplace stressors." (*Id.*)

---

[3] Plaintiff only challenges the ALJ's RFC restrictions related to Plaintiff's limitations in maintaining concentration, persistence, and pace. (SE, Doc. No. 9 at PageID 1283-90; *see also* Reply, Doc. No. 12.) The Court will therefore confine its review to the ALJ's analysis of and RFC restrictions for this domain.

6

IV.     **LAW AND ANALYSIS**

Plaintiff asserts that the ALJ reversibly erred because the RFC "failed to properly account for Plaintiff's limitations in maintaining concentration, persistence, and pace." (SE, Doc. No. 9 at PageID 1283.) For the reasons discussed below, this assertion is not well-taken. Therefore, the Commissioner's decision shall be affirmed.

    A.     **Applicable Law**

Determination of the RFC is a task reserved for the ALJ. 20 C.F.R. § 404.1546(c); *see also Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004) ("[T]he ALJ is charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an 'assessment of his [RFC]'"). A claimant's RFC describes the most he can do in a work setting despite his physical and mental limitations. 20 C.F.R. § 404.1545(a)(1). When formulating the RFC, the ALJ must consider the claimant's "ability to meet the physical, mental, sensory, and other requirements of work." 20 C.F.R. § 404.1545(a)(4). The ALJ must base the RFC on all relevant evidence in the record, including the claimant's descriptions of his limitations and symptoms, objective medical evidence, medical opinions, other medical evidence, evidence from non-medical sources, and prior administrative medical findings. *See* 20 C.F.R. § 404.1545(a)(1)-(5).

The ALJ is required to consider evidence from the entire relevant time period when formulating the RFC. *E.g., White v. Comm'r of Soc. Sec.*, No. 3:21-cv-762, 2022 U.S. Dist. LEXIS 140674, *47 (N.D. Ohio June 1, 2022) (Knapp, M.J.), *affirmed by* 2022 U.S. Dist. LEXIS 139178 (N.D. Ohio Aug. 4, 2022) (Knepp, D.J.). As Magistrate Judge Knapp explained, "[w]hile the substantial evidence standard is deferential, the Sixth

Circuit has emphasized that the chief limitation to that deference 'is the requirement that all determinations be made based upon the record in its entirety.'" 2022 U.S. Dist. LEXIS 140674, *47 (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 249 (6th Cir. 2007)). Thus, an ALJ should not "unduly concentrate on one single aspect of the claimant's history." *Rogers*, 486 F.3d at 249.

Notably, "[t]he responsibility for determining a claimant's [RFC] rests with the ALJ, not a physician." *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009) (citing 20 C.F.R. § 404.1546(c)). An ALJ is required to consider medical opinion evidence when determining the RFC, but he is not required to adopt them or adopt any such findings verbatim. *Poe*, 342 F. App'x at 156-57 (6th Cir. 2009). In addition, "[t]he determination of a plaintiff's RFC is entirely within the purview of the ALJ, and this Court will defer to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion." *Rieder v. Comm'r of Soc. Sec.*, No. 2:20-CV-05858, 2021 WL 5881784, at *5 (S.D. Ohio Dec. 13, 2021) (internal quotations and citation omitted) (Preston Deavers, M.J.).

Nevertheless, an ALJ is required "to show his or her work." *Scott K. v. Comm'r of the SSA*, No. 3:21-CV-00129, 2022 U.S. Dist. LEXIS 175673, at *11 (S.D. Ohio Sept. 27, 2022) (Silvain, M.J.) (internal citation omitted). Thus, "[t]his Court cannot uphold an ALJ's decision, even if there if there is enough evidence in the record to support the decision, where the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result." *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (cleaned up) (internal quotations and citation omitted). *See also*

8

*Danyel P. v. Comm'r of Soc. Sec.*, No. 2:21-CV-02405, 2022 WL 1514170, at *6 (S.D. Ohio May 13, 2022) (Preston Deavers, M.J.) (ALJ's "inexplicable and illogical consistency" warranted remand); *Kimberly S. v. Comm'r of Soc. Sec.*, No. 3:21-CV-00310, 2022 WL 17820565, at *3 (S.D. Ohio Dec. 20, 2022) (Silvain, M.J.) (ALJs must "provide a coherent explanation of [their] reasoning . . . in order to provide sufficient rationale for a reviewing adjudicator or court"); *Hardiman v. Comm'r of Soc. Sec.*, No. 2:12-CV-00508, 2013 WL 3762266, at *5 (S.D. Ohio July 16, 2013) (Preston Deavers, M.J.) (remanding case on the ground that "the ALJ's decision is internally inconsistent and incomplete").

### B. The ALJ's RFC Is Supported By Substantial Evidence.

Plaintiff argues that the RFC does not fully account for his mental impairments—specifically, Plaintiff's moderate limitation in maintaining concentration, persistence, and pace—and contends that it should have included limitations addressing his ability to "meet quotas, stay alert, or work at a consistent pace." (SE, Doc. No. 9 at PageID 1283-90.) Plaintiff argues that the ALJ's Step Five determination is therefore unsupported by substantial evidence. (*Id.* at PageID 1290.)

As noted above, the substantial evidence standard precludes this Court from weighing the evidence and deciding whether the preponderance of the evidence supports a different conclusion. *Biestek*, 139 S. Ct. at 1154 (2019). This Court is limited to simply reviewing the record and determining whether the ALJ's findings are supported by

9

substantial evidence. Applying this standard, the Court concludes that the ALJ's findings are, in fact, supported by substantial evidence.[4]

The ALJ acknowledged many of Plaintiff's subjective complaints, which include anxiety, depression, confusion, memory and concentration issues, difficulty understanding written and spoken instructions, variable attention, difficulty completing tasks, and difficulty handling stress and changes in routine. (Decision, Doc. No. 7-2 at PageID 52-53, 56-57.) The ALJ summarized the medical records that documented Plaintiff's treatment for his mental impairments. (*Id.*) He acknowledged many of the abnormal findings in the treatment notes which generally included decreased memory and difficulty with attention and concentration. (*Id.*) The ALJ also acknowledged the abnormal findings that Robert Kurzhals, Ph.D. documented during the consultative psychological evaluation, which included needing instructions repeated, weakness in long-term memory, below-average attention and concentration, and difficulty coping with stress. (*Id.*) The ALJ compared these findings to other examinations throughout the record which showed normal memory (including good short-term memory), pleasant and cooperative behavior, normal or average attention and concentration, and good and/or intact judgment and insight. (*Id.*) The ALJ also cited the normal findings that consultative

---

[4] The ALJ discussed much of the evidence at Step Three and then referred to his Step Three discussion in the RFC analysis. (*See* Decision, Doc. No. 7-2 at PageID 53, 57.) This Court may consider the evaluation of the evidence at other steps of the decision to determine how to "credit the evidence at issue in this appeal." *See, e.g., Bledsoe v. Barnhart*, 165 F. App'x 408, 411 (6th Cir. 2006); *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x. 426, 435 (6th Cir. 2014); *Forrest v. Comm'r of Soc. Sec.*, 591 F. App'x 359, 365-66 (6th Cir. 2014); *Crum v. Comm'r of Soc. Sec.*, 660 F. App'x 449, 457 (6th Cir. 2016). Accordingly, this Court will consider the ALJ's evaluation of Plaintiff's mental impairments earlier in Step Three and in the RFC analysis when evaluating Plaintiff's assignment of error.

psychologist Dr. Kurzhals documented, such as being able to follow simple instructions, average intellectual functioning, and friendly and cooperative behavior. (*Id.*)

The ALJ concluded that the balance of the objective evidence did not support Plaintiff's allegations of disabling symptoms. (Decision, Doc. No. 7-2 at PageID 57.) The ALJ nevertheless accounted for this evidence by limiting Plaintiff to simple, routine, and repetitive tasks that involve a routine work setting with few changes. (*Id.* at PageID 54, 57.) Because these conclusions are supported by substantial evidence, the ALJ did not err by failing to include additional mental limitations in the RFC. Again, the Court notes that it cannot re-weigh the evidence and determine if it would also support a different result.

The Court finds that the medical opinion evidence also provides substantial evidence to support the ALJ's conclusions. The ALJ evaluated the state agency psychological consultants' findings pursuant to 20 C.F.R. § 404.1520c. (Decision, Doc. No. 7-2 at PageID 58.) The consultants found no more than mild impairment in the "B criteria" area of interacting with others but found moderate impairment in the other three areas: understanding, remembering, or applying information; concentrating, persisting, or maintaining pace; and adapting or managing oneself. (AR, Doc. No. 7-3 at PageID 109, 121.) They opined that Plaintiff could understand and remember simple, routine tasks and that he was "capable of maintaining attention, concentration, persistence and pace" for such tasks. (*Id.* at PageID 114, 125-26.) The consultants also opined that Plaintiff was limited to low-stress work-related tasks. (*Id.* at PageID 114, 126.) The ALJ concluded that these assessments were "substantially" persuasive. (Decision, Doc. No. 7-2 at PageID 58.) The ALJ noted that the consultants' recommendations were "not given

11

entirely in vocationally[-]defined terms," but he explained that he "therefore adapted the recommendations in the vocationally defined terms [in the RFC] in order to comply with regulatory requirements without being inconsistent" with the consultants' opinions. (*Id.*)

The ALJ also evaluated the opinions of consultative psychologist Dr. Kurzhals pursuant to 20 C.F.R. § 404.1520c. (Decision, Doc. No. 7-2 at PageID 58.) Dr. Kurzhals opined that "information" — which included Plaintiff's subjective complaints, a review of academic and medical records, and the mental status examination — "suggests there is limitation" in the areas of understanding, carrying out, and remembering instructions; sustaining concentration and persisting in work-related activity at a reasonable pace; and dealing with normal pressures in a competitive work setting. (AR, Doc. No. 7-8 at PageID 943.) The ALJ concluded that he was "partially persuaded" by Dr. Kurzhals' opinion. (Decision, Doc. No. 7-2 at PageID 58.) The ALJ noted that Dr. Kurzhals' report "consists primarily of his observations of [Plaintiff's] performance and his notations of [Plaintiff's] reports during their interview, rather than making specific recommendations based on a critical analyses [sic] of the available records." (*Id.*) The ALJ explained that although Dr. Kurzhals' report was "substantially consistent with the medical record," Dr. Kurzhals' conclusions were "not given in vocationally defined terms." (*Id.*) The ALJ stated that he crafted the RFC limitations "with an eye towards being consistent with Dr. Kurzhals' recommendations, even if the recommendations themselves cannot be directly adopted." (*Id.*)

Although Plaintiff has not raised the issue, the Court concludes that the ALJ complied with applicable regulations when he discussed the evidence from the

12

consultants and Dr. Kurzhals that supported their opinions, and when he evaluated the consistency of their opinions with the other evidence of record. (Decision, Doc. No. 7-2 at PageID 58.) Taken together, the evidence cited by the ALJ constitutes substantial evidence — that is, "relevant evidence as a reasonable mind might accept as adequate to support a conclusion" (*Biestek*, 139 S. Ct. at 1154) — that supports the ALJ's RFC. Because the ALJ's findings are supported by substantial evidence, they cannot be disturbed by this Court even if substantial evidence in the record would support the opposite conclusion. *Key*, 109 F.3d at 273.

Seeking to distinguish an unfavorable decision from this Court, Plaintiff asserts that the facts here are different because the ALJ's finding as to concentration, persistence, and pace was not "written in the disjunctive and, absent any evidence of the need for specific pace-based restrictions." (SE, Doc. No. 9 at PageID 1285 (citing *Lawrence W. v. Comm'r of Soc. Sec.*, No. 3:24-cv-39, 2024 WL 3410677, at *3 (S.D. Ohio July 15, 2024) (Vascura, M.J.), *report and rec. adopted*, No. 3:24-cv-39, 2024 WL 3653071 (S.D. Ohio Aug. 5, 2024) (Rose, D.J.)).) As Defendant points out, this contention is incorrect. (Mem. In. Opp., Doc. No. 11 at PageID 1299.) In *Lawrence*, the ALJ identified a moderate limitation in the claimant's "ability to concentrate, persist, *or* maintain pace," and the Court found that no pace-based restrictions were warranted because the limitation was "written in the disjunctive" and there was no evidence that such restrictions were needed. 2024 WL 3410677, at *3 (emphasis in original). The same reasoning applies here, since the ALJ also described Plaintiff's limitation in the disjunctive. (Decision, Doc. No. 7-2 at PageID 53 ("ability to concentrate, persist, *or* maintain pace") (emphasis added).)

13

In addition, the Court finds that the ALJ's conclusions are supported by substantial evidence. Citing the report of consultative psychologist Robert Kurzhals, Ph.D., the ALJ noted Plaintiff's self-report of being able to maintain concentration "when he is interested in the subject matter." (Decision, Doc. No. 7-2 at PageID 53.) The ALJ found that Dr. Kurzhals' observation that Plaintiff demonstrated below-average concentration and attention "due to a need for repetition," and his opinion that Plaintiff "struggled on tasks" requiring concentration, "suggested there is limitation in this area." (*Id.*) Next, the ALJ found that "the academic and broader record" showed that Plaintiff's "attention and concentration have been variously assessed and reported as normal, average, or without difficulty . . . and as difficult." (*Id.*) The ALJ acknowledged Plaintiff's subjective complaints "that his ability to pay attention varies with the task, that he has general difficulty with both concentration and completing tasks, and [that he] does not always finish what he starts." (*Id.*) The ALJ gave deference to Dr. Kurzhals' conclusions and found that Plaintiff has "only a fair ability to function" in this domain. (*Id.*) He did not identify any specific pace-based restrictions.

The ALJ's conclusions are supported by other evidence in the record. When Plaintiff was hospitalized for a seizure in September 2021, an assessment of occupational performance indicated normal cognition, including normal attention span, memory, problem solving, and executive functions. (AR, Doc. No. 7-7 at PageID 545.) During a visit with his behavioral health counselor in October 2021, Plaintiff complained of anxiety because he was afraid of having a seizure at work, and exhibited an anxious and concerned mood and affect. (AR, Doc. No. 7-7 at PageID 616-17.) However, his provider

14

documented normal cognitive functioning, full orientation, normal speech, and a normal appearance. (*Id.*) When Plaintiff presented to the emergency room for a medication refill in April 2022, the attending physician documented normal mental status findings such as a normal mood and affect, and normal judgment. (AR, Doc. No. 7-10 at PageID 1218.)

During the May 2022 consultative psychological evaluation, Plaintiff reported that he sometimes forgot tasks and experienced anxiety at work. (AR, Doc. No. 7-8 at PageID 939.) Dr. Kurzhals noted that Plaintiff appeared anxious, restless, and fidgety during the mental status examination. (*Id.* at PageID 942.) Dr. Kurzhals noted that Plaintiff's concentration and attention were "below average," because "some questions had to be repeated and he struggled on tasks that involved concentration." (*Id.*) Dr. Kurzhals also found that although some instructions had to be repeated, Plaintiff was able to understand and follow simple instructions. (*Id.*) Dr. Kurzhals also documented normal speech, no racing thoughts, no pressured speech or tangential thinking, friendly and cooperative behavior, a positive attitude, and full orientation. (*Id.*)

Plaintiff saw Rajinder Singh, D.O. at Kettering Brain and Spine in follow-up for seizures in February and June of 2022, and Dr. Singh noted that Plaintiff exhibited a flat affect. (AR, Doc. No. 7-9 at PageID 991, 998.) Other mental status findings were normal and included normal attention and reasoning, no evidence of a thought disorder, normal speech, and intact verbal expression and comprehension. (*Id.*) During behavioral health counseling sessions in June and September of 2022, Plaintiff complained of difficulty with concentration and exhibited an anxious mood and affect. (AR, Doc. No. 7-9 at

15

PageID 1004, 1007, 1013.) His counselor otherwise documented normal cognitive functioning and normal speech. (*Id.* at PageID 1005, 1013.)

Plaintiff cites a progress note from an October 2022 psychiatric visit with Otto Dueno, M.D., which documented Plaintiff's complaints of depression, panic attacks (one to two per month), crying spells, lack of interest, agitation, visual hallucinations, weight and appetite changes, difficulty concentrating, sleep disturbance, and increased stress. (SE, Doc. No. 9 at PageID 1287 (citing AR, Doc. No. 7-9 at PageID 1047-48).) PHQ-9 and GAD-7 assessments were administered and indicated severe depression and moderately severe anxiety. (AR, Doc. No. 7-9 at PageID 1048.) The mental status examination showed an anxious mood, a constricted and anxious affect, "fairly related" relatedness, and fair eye contact. (*Id.* at PageID 1049.) Dr. Dueno noted slowed speech. (*Id.*) However, he also noted that Plaintiff "offer[ed] information easily" and documented cooperative behavior, linear and logical thought processes, good insight and judgment, and intact cognition and attentiveness. (*Id.*)

Subsequent records indicated that Plaintiff's condition improved with continued counseling sessions, and Plaintiff's providers consistently documented normal cognitive functioning. For example, during a mental health counseling session later that month, Plaintiff's provider documented an anxious mood, constricted affect, concrete thought processes, and derealization. (AR, Doc. No. 7-9 at PageID 1095.) However, the provider documented no impairment of cognition. (*Id.*) At the next visit with Dr. Dueno in November 2022, Plaintiff reported increased agitation and restlessness, but said therapy was "teaching him how to cope." (AR, Doc. No. 7-9 at PageID 1044.) Objectively, Dr.

16

Dueno noted that Plaintiff exhibited an "antsy" mood and constricted affect, but otherwise documented grossly intact cognition and attentive behavior. (AR, Doc. No. 7-9 at PageID 1046.) Other findings were relatively normal and included cooperative behavior, full orientation, slowed speech but able to offer information easily, logical and linear thought processes, good continuity of thought, and good insight and judgment. (*Id.*)

In counseling notes dated through March 2023, Plaintiff's counselor documented an anxious mood on a few occasions. (*See, e.g.,* AR, Doc. No. 7-10 at PageID 1253.) Plaintiff's counselor also documented positive or improved moods, as well as calm and cooperative behavior. (AR, Doc. No. 7-9 at PageID 1081, 1084, 1105; Doc. No. 7-10 at PageID 1236, 1238, 1241, 1244, 1250, 1253, 1256, 1262, 1268.) Plaintiff told his counselor in February 2023 that although he had a panic attack during a recent visit to a flea market with his family, he was able to use his coping skills "to bring his symptoms down to a manageable level which allowed him to spend the time he wanted to at the market with his family" for approximately three hours. (AR, Doc. No. 7-10 at PageID 1247.) Plaintiff's counselor noted on several occasions that Plaintiff's therapeutic progress was "positive" and/or that he was utilizing coping skills for anger and anxiety. (AR, Doc. No. 7-10 at PageID 1236, 1241, 1244, 1247, 1250, 1259, 1262, 1265, 1268.)

In sum, although Plaintiff complained of difficulties with concentration, anxiety, and completing tasks, only consultative psychologist Dr. Kurzhals documented objective deficits in concentration and attention. (AR, Doc. No. 7-8 at PageID 939.) Plaintiff's other providers consistently documented normal or intact cognitive functioning. (AR, Doc. No. 7-7 at PageID 545, 617; Doc. No. 7-8 at PageID 652, 657; Doc. No. 7-9 at

17

PageID 991, 998, 1005, 1012, 1046, 1049, 1095; Doc. No. 7-10 at PageID 1167.) The Court notes that although Plaintiff cites to educational records to support his argument, these records were dated at least sixteen years prior to the time period at issue in this case, and so are of little value. (SE, Doc. No. 9 at PageID 1288 (citing AR, Doc. No. 7-7 at PageID 425, 460-62.) Yet (AR, Doc. No. 7-7 at PageID 425, 460, 461.) Based on its review of the record, the Court concludes that substantial evidence supports the ALJ's conclusions and RFC limitations. The Court therefore must affirm the ALJ's decision.

Plaintiff relies on a Sixth Circuit case to argue that a limitation for simple, routine, unskilled work does not address a moderate limitation in concentration, persistence, or pace. (SE, Doc. No. 9 at PageID 1285-86 (citing *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010).) Plaintiff also relies on two cases from this Court to argue that "in the Sixth Circuit, the law holds that limiting a claimant to simple tasks is an insufficient means of addressing problems with concentration." (Reply, Doc. No. 12 at PageID 1305-06 (citing *Starr v. Comm'r of Soc. Sec.*, No. 2:12-cv-290, 2013 WL 653280, at *3 (S.D. Ohio Feb. 21, 2013) (Graham, D.J.); *Renn v. Comm'r of Soc. Sec.*, No. 1:09–CV–319, 2010 WL 3365944, at *6 (S.D. Ohio Aug. 24, 2010) (Beckwith, Senior D.J.).) The *Starr* and *Renn* decisions both cited *Ealy* to support a conclusion that the ALJ's RFC failed to account for the plaintiffs' moderate deficits in concentration, persistence, and pace. *Starr*, 2013 WL 653280, at *2-3; *Renn*, 2010 WL 3365944, at *6.

Significantly, however, the Sixth Circuit subsequently held that "[c]ase law in this Circuit does **not** support a rule that a hypothetical providing for simple, unskilled work is per se insufficient to convey moderate limitations in concentration, persistence and pace."

18

*Kepke v. Commissioner of Social Security*, 636 F. App'x 625, 635 (6th Cir. 2016) (emphasis added). The *Kepke* court distinguished *Ealy* based on its dissimilar facts and because the *Kepke* plaintiff had "not cited to any evidence in the record that provides for specific, concrete limitations on her ability to maintain concentration, persistence or pace while doing simple, unskilled work." 636 F. App'x at 635 (citing *Smith–Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x. 426, 436–37 (6th Cir. 2014)).

Here, the Court finds that the *Kepke* decision is more on point than *Ealy*, which is distinguishable. In *Ealy*, a state agency psychological consultant had "specifically limited [the plaintiff's] ability to sustain attention to complete simple repetitive tasks to '[two-hour] segments over an eight-hour day where speed was not critical.'" *Id.* In this case however, no medical or other source opined that Plaintiff is limited in the ability to "meet quotas, stay alert, or work at a consistent pace, even at a simple, unskilled, routine job." *See Ealy*, 594 F.3d at 517.

In conclusion, Plaintiff has not shown that the ALJ erred by failing to include additional restrictions in the RFC, including additional pace-related limitations. As discussed above, the ALJ thoroughly evaluated the medical and other evidence related to Plaintiff's mental impairments, and adequately explained his reasons for including certain functional restrictions in the RFC. (Decision, Doc. No. 7-2 at PageID 52-58.) Plaintiff has not met his burden of proving that the ALJ's decision is unsupported by substantial evidence. Accordingly, Plaintiff's Statement of Errors lacks merit and the Commissioner's decision shall be affirmed.

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's Statement of Errors (Doc. No. 9) is OVERRULED;

2. The Court AFFIRMS the Commissioner's non-disability determination; and

3. The case is terminated on the Court's docket.

*s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge